## Reed *against* Hamet.

A defendant may appear before the prothonotary and confess a judgment in person.

APPEAL from the common pleas of *Erie* county.

The question arose upon the appropriation of the proceeds of the sale of the real estate of D. C. Barrett upon execution, whether a judgment confessed by the defendant before the prothonotary upon the docket, without any writing filed, was a valid judgment, and a lien on the defendant's real estate. The court below (Shippen, president) decided that it was.

*Riddle,* for plaintiff in error.
*Galbraith,* contra.

Per Curiam.—The power of the prothonotary to sign judgment rests on a statutory grant of it when that officer was *ex officio* a judge of the common pleas, which has not been revoked. The question, then, is, simply whether a defendant may appear before him and

IV.—3 F

confess judgment in person; a question that will not bear a moment's consideration, for he certainly may do in person whatever he can by deed authorise another to do for him: and judgments in vacation by confession, on warrant of attorney, have been recognized as valid since the foundation of the province. But judgments by confession, on the appearance of the party in the office, though not universal, have from time immemorial also been frequent, and their validity has never been contested. On principle and practice, therefore, the money was properly awarded to Hamet's judgment.

Decree affirmed.