BENJAMIN GERVAIS, Plaintiff in Error, *vs.* SIMON POWERS and AMHERST WILLOUGHBY, Defendants in Error.

A Justice of the Peace, in his return to a writ of *certiorari*, should not confine himself to the affidavit of the party suing out the writ; he should make a complete return of all the proceedings, and his rulings at the trial, and the District Court, in its affirmance or reversal of the judgment, should be guided by what appears on his return.

In an action of trespass, *quare clausum fregit et. de. bon. a.* for taking away a cow that had been taken up as an estray, evidence of the cost of advertising under the statute, and the value of pasturage, was admitted.

Held to be Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

This was an action of trespass *quare clausum fregit et. de. bon. a.* originally instituted before Justice Wakefield, by the plaintiff, agansit the defendants in error, to recover the sum of $25, the value of a cow alleged to have been driven from the close of the plaintiff by the defendants.

From the return of the Justice, it appeared that it was proven on the trial, that some time about the 1st of December, 1849, the defendants came to the premises of the plaintiff, at Little Canada, and drove away a cow. That the cow was worth $15 or $20. That the plaintiff had possession of her during the whole of the summer of 1849, and had fed her for six weeks

before she was driven away. That it was worth $2 per week to feed her, and that the plaintiff had become liable for advertising her as an estray. The Justice gave judgment in favor of the plaintiff for $10. The defendants, who did not appear on the trial, sued out a writ of *certiorari*, and stated as error in their affidavit, that the Justice had no jurisdiction over their persons, they being summoned to appear before him on the 22d of January, 1850, whereas the plaintiff appeared on the 21st, and filed his declaration and had the cause adjourned until the 28th of January, when the judgment was rendered. The judgment of the Justice was reversed by the District Court, whereupon the plaintiff took a writ of error.

M. S. WILKINSON and L. A. BABCOCK, for Plaintiff in Error.

There was sufficient evidence to justify the judgment of the Justice.

The Court below erred in giving judgment of reversal upon a mere question of fact.

A. WILKIN and WILLIAM D. PHILLIPS, for Defendants in Error.

The testimony admitted by the Justice was illegal; the plaintiff, not having proceeded under the act relating to estrays, could not properly prove items of charge or expense under that act. The value of the cow was illegally proven.

*By the Court.*—MEEKER, J. This is an action of trespass ' *quare clausum fregit,*" brought by the plaintiff on the 10th of January, 1850, when process was sued out returnable on the 21st of the same month, at which time the plaintiff, by his counsel, filed a formal declaration in trespass, complaining of the defendants, that they had, with force and arms, broken and entered his close, and then and there took away goods and chattels, &c. On the return day, the defendants not appearing, the cause was adjourned to the 28th, when the Justice rendered judgment for the plaintiff for $10, and $5,50 costs.

The evidence, as appears from the Justice's return was that the defendants drove from the premises of the plaintiff a cow, which he was keeping as an estray, that he had pastured her

Gervais *v.* Willoughby, et. al.

some six weeks, which was proven to be worth $2 per week, and that the plaintiff had agreed to pay James M. Goodhue $2, for advertising her, as an estray, in his paper. The plaintiff also introduced evidence, conducing to show by the confession of one of the defendants, that the cow was theirs.

There was no testimony introduced for the defendants, nor were they in attendance. This is substantially all the evidence in the cause. The judgment was taken by *certiorari* to the District Court of Ramsey, where the Judge reversed the judgment, and from that Court to this, by writ of error.

In the defendant's affidavit for a certiorari none of the testimony appears, and but a single error is complained of, which is, that the Justice had no jurisdiction of the persons of the defendants as they were summoned to appear before him on the 22d of January, 1850.

To this the Justice in his first return replied, they were summoned to appear on the 21st, and not on the 22d of January, as averred in the affidavit.

It is alleged that the District Court erred in reversing the judgment because the error complained of in the affidavit did not appear upon the return of the Justice, &c. The consideration of this proposition will necessarily involve the inquiry as to what extent it is made the duty of a Justice to respond to the complaint and errors, set forth in the affidavit of the party aggrieved, and whether his return should contain any matters beyond them. If the Justice were to confine his return only to the averments in the affidavit of a party suing out a certiorari, a merely partial and imperfect view might be had, and it would be impossible for a Judge to determine correctly, either the law or the merits of the case. Such a practice would be a strong temptation to perjury, and to a false and distorted view of what transpired on the trial before the Justice. We think the Justice should make a complete return of all the proceedings and his rulings at the trial, and the District Court, in its affirmance or reversal of the judgment, should be guided by what appears on his return.

We do not deem it necessary in the disposition of this cause, to determine judicially, whether a person keeping an estray can maintain an action like this, either against the owner or

any one else, for taking it away. For, if he cannot, the District Court was certainly correct in reversing the Justice's judgment, and if he can, the District Court was equally correct in reversing a judgment which, from the Justice's return must have been rendered, principally, on evidence altogether irrelevant and inadmissible in an action of trespass *quare clausum fregit*, foreign alike to the cause of action suggested in the summons, or set forth in the declaration.

Surprise and injustice must be the legitimate fruit of such a practice, and this might be illustrated in the very case now under consideration.

The defendants, having been informed by the summons that they were sued in an action of trespass, might have felt that no such action could be maintained against them, and therefore have neglected to appear and defend; whereas, had they been sued in assumpsit on account or any other money demanded for pasturage, and advertising an estray, their conduct might have been quite otherwise.

The judgment of reversal rendered by the District Court is affirmed with costs.