*Edmonds, J.
 

 There are two to the r decision of the county judge, apparent on the ^ face of the return, which, it seems to me, are fatal to the proceedings, and render the examination of any other part of this case unnecessary.
 

 I. It does not appear, that any of the parties to the
 
 *431
 
 proceedings were summoned, or caused to appear before the county judge, or that any of them did appear, except Waldron. Of course, the judge had no power to proceed against any who did not appear; yet the judgment which he pronounced was as well against those who did not appear as against those who did. There is nothing which our law denounces more explicitly, than an adjudication of the rights of a party without offering him an opportunity of being heard in his defence.
 

 II. Waldron having, however, voluntarily appeared, it may be necessary to examine further as to him, and in doing so, the second objection to the proceedings appears. The act of 1821, under which the proceedings were had, authorizes them only when there is an intrusion on lands
 
 owned
 
 or
 
 occupied
 
 by the Indians. From this return, it .does not appear, that these lands were owned by the Indians; The only word that is used upon that subject is, that they were claimed to be owned by them. There is no evidence that such claim had any foundation ; none of such ownership; no statement even that they were owned by them.- The complaint avers that they are owned and occupied by the Indians; Waldron’s answer denies both ownership" and occupancy, and there is no statement, or- averment, or evidence of ownership, except the conveyance to Ogden and Fellows, and that tends to show an ownership out of, rather than in, the Indians. And as to occupancy, the -return is equally imperfect; all that it says on that subject is, that the Indians occupy all the tract, except certain portions thereof settled upon by the persons named in the complaint and divers other white persons, &c. And it is nowhere said in the return, that * the Indians ever occupied those portions thus settled on by the' whites.
 

 , ______ *There may have been other evidence before * 4^2 1 the county judge elucidating these points; but that we cannot know. We are "bóund by the return, and for aught - that appears there, - these proceedings may
 
 *432
 
 have been taken in respect to lands never either owned or occupied by the Indians, and the judge may be exercising this summary jurisdiction in respect to lands to which the Indians never had either title or possession. This cannot be, and as such ownership or occupancy was essential to his jurisdiction, his judgment must 'be reversed.
 

 Judgment reversed, and proceedings of the respondent annulled.
 
 [1]
 

 [1]
 

 The constitutionality of the act of 1821 was mooted; but it was held to be constitutional, in People v. Dibble, 18 Barb. 412 ; which was affirmed by the court of appeals, in 16 N. Y. 203 ; and by the supreme court of the United States, in 21 How. 366.