## Christian Crouse v. Charles M. Derbyshire.

Where a defendant in Justices Court has been duly served with process, and appears on the return day, and plaintiff declares against him on a contract, the defendant's oral admission of the cause of action is sufficient to authorize the justice to render judgment against him. ,

It is only where the parties appear without process that a written confession signed by the defendant is required by the statute.

Defendant being in possession of a quantity of wheat, plaintiff brought replevin for one hundred bushels, which were measured out and taken under the writ from the whole quantity. Held to be no valid objection to the maintainance of the action that plaintiff did not demand and take under the writ the whole quantity; the evidence showing the whole to have been the plaintiff's, and that he did not own as tenant in common with others.

*Heard July 16th. Decided October 21st.*

Error to Clinton Circuit.

Replevin by Derbyshire for one hundred bushels of wheat.

On the trial, plaintiff, to show title to the wheat, introduced in evidence the docket entries in a suit before a justice of the peace, between himself as plaintiff, and Joseph T. Church as defendant, which suit appeared by the entries to have been commenced by summons which was returned served: and it further appeared that on the return day the parties appeared; that plaintiff declared on a promissory note, and that in court defendant admitted the execution of the note, and his indebtedness thereon, whereupon the justice rendered judgment against him for the amount.

This evidence was objected to on the ground that the justice had no authority to render judgment in the case without a confession in writing, signed by the defendant, as required by the statute; but the objection was overruled.

The plaintiff then proved that, by virtue of the execution issued on this judgment, he caused some thirty acres of wheat to be levied upon and sold as the property of said Church, which wheat was subsequently harvested and threshed by other claimants, and came to the possession of defendant, from whom plaintiff demanded it, and on his refusal to deliver it up, sued out a writ of replevin for one hundred

bushels, by virtue of which the officer entered upon defendant's premises and measured out and took away one hundred bushels from the whole amount of said wheat, which was about two hundred bushels in one parcel and undivided.

On this evidence the defendant requested the Circuit Court, among other things, to charge the jury :

1st. That by replevying one hundred bushels of wheat, the plaintiff abandoned all claim to the remainder, if any; and therefore, .

2d. That for the purposes of this suit the plaintiff's title a claim must be limited to the one hundred bushels replevied, and cannot, for any purpose whatever, be extended to any other or greater quantity ;

3d. That if the jury shall find that the wheat replevied was at the time intermixed with any other wheat without the fault of the defendant, the plaintiff and defendant must be deemed to have been owners in common of the wheat, and that in such case the plaintiff cannot recover in this suit ; and

4th. That the burden of proving that such intermixture was by defendant's fault, is upon the plaintiff.

The Court refused to grant and charge the said requests, as a whole, but did charge the jury that if they should find that by the levy and sale the said plaintiff was the owner of all the wheat in the said bin, then there could be no objection to his replevying one hundred bushels of it. The Court further charged the jury that one tenant, when goods are owned by tenants in common, cannot maintain replevin for said goods. And

That if there is an intermixture of goods, the burden of proof that such intermixture was by defendant's fault, is upon the plaintiff.

The jury returned a verdict for plaintiff, and defendant brought error.

*J. W. Longyear*, for plaintiff in error.

*R. Strickland*, for defendant in error.

CROUSE v. DERBYSHIRE.

MARTIN CH. J.:

The judgment upon the justice's docket in the case of Derbyshire against Church, was properly admitted and read in evidence. In cases regularly commenced by process, the parties may appear and plead either orally or in writing; and the defendant may as well admit as deny the action. The Legislature never contemplated so great an absurdity as to require proof by the sworn statements of a bystander, that the defendant had confessed the action in the presence of the justice and in open court, in order to authorize the rendition of a judgment upon such admission. When the action is commenced by process, as in the case before the justice, and the parties appear, and the plaintiff declares and the defendant pleads, either by denial or confession of the action, there is technically an issue joined; and the jurisdiction of the justice to render a judgment is coextensive under either plea. In the one case he hears the proof from the mouths of witnesses; in the other, from the defendant. What the Legislature meant by authorizing a justice of the peace to render judgment upon an issue joined between the parties, was simply that it should be upon pleadings; and any pleading known to the law which authorizes a finding and conclusion by the court, whether upon or without evidence, is within the spirit and the letter of the statute; and he hears the proofs and allegations of the parties as much upon a declaration and cognovit, as though he received the sworn testimony of witnesses upon a declaration and plea denying the action. And there is no reason for any other construction of the statute; for no benefit can result from a departure from this common law method, and requiring a denial of that which the party is willing to acknowledge, in order to confer the authority to render a judgment.

As the law now stands, parties may be witnesses in their own behalf, as well as for their adversary. How absurd would it be to refuse the confession of a defendant

made in the progress of a trial, unless he should make it upon oath. If the admission of a party or his attorney made in the progress of a trial is binding, why should it not be equally so when made in open court, at the forming of the issue, to prevent expense and litigation. In my opinion, an oral admission or cognovit is within the statute, and confers upon the justice as ample jurisdiction to enter judgment as would the sworn statements of witnesses.

But when a judgment is rendered without process, or the publicity and formality of a trial, the statute requires that the confession of the debtor shall be in writing, signed by himself in presence of the justice. In this case the jurisdiction is acquired from the written confession, as in others it is from process and appearance. And it is to cases of voluntary appearance of the debtor only, without process, that the requirement of a confession in writing is limited.

We discover no error in the charge of the Court, when viewed in the light of the facts of this case. Whether the plaintiff by replevying the one hundred bushels of wheat abandoned all claim to the remainder or not, was immaterial; and so it was immaterial whether his title and claim should be limited to that quantity or not. For the purposes of this case such only was his claim; and with any claim to or title in any other wheat the jury had no concern, unless to inquire whether the whole bulk was held in common by these parties. It is not claimed by the defendant's counsel that the defendant had any title to the wheat in common with the plaintiff before the writ was served, but that by replevying only one hundred bushels from the mass he abandoned the remainder, and that therefore he thereby became thenceforward a tenant in common of the whole bulk, and cannot maintain the action. The fallacy of this argument is made apparent by its statement. The right of the plaintiff depends upon the condition of the title at the commencement of the action,

CROUSE *v.* DERBYSHIRE.

and the replevy of but one hundred bushels cannot affect his right to recover if the wheat was his, however it may be should any future action be brought for the residue.

We think therefore that the refusal of the Court to charge as requested, and the charge as given, were correct; and the judgment is affirmed, with costs.

MANNING and CAMPBELL JJ. concurred.

CHRISTIANCY J. concurred in the result.