Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

---

HUNTER, RESPONDENT, *v.* EDDY, JUSTICE OF THE PEACE, APPELLANT.

[Argued October 17, 1891. Decided December 7, 1891.]

JUSTICE'S COURT—*Judgment by confession—Certiorari.*—A judgment by confession in a Justice's Court, entered after the commencement of an action and the voluntary appearance of the defendant, has no validity where the confessed judgment is not evidenced by any written document executed by the defendant, and may be annulled on *certiorari.*

SAME—*Same—Oral pleading.*—An entry in a justice's docket that the defendant "confessed judgment" cannot be treated as the record of an oral pleading sufficient to confer jurisdiction, upon a voluntary appearance without service of summons, under the provisions of the Code requiring the substance of an oral plea to be entered in the docket. Such entry is merely a statement of a conclusion of the justice and not of a jurisdictional or other fact. (DE WITT, J., dissenting.)

*Appeal from Second Judicial District, Silver Bow County.*

The judgment of the Justice's Court was annulled by Mc-HATTON, J., upon a writ of *certiorari.*

Statement of the case by Mr. Justice DE WITT.

This is an appeal from the judgment of the District Court

annulling, upon a writ of *certiorari* from that court to the Justice's Court, a judgment of the Justice's Court of John Eddy, Esq., which judgment was in favor of *A. A. McMillan et al.* v. *John Hunter*, defendant in the Justice's Court, petitioner in the District Court, and respondent in this court. The appeal is by John Eddy, Esq., justice of the peace.

The petition for the writ of *certiorari* in the District Court sets forth as follows:—

John Hunter, the petitioner, is the defendant in the case of *McMillan et al.* v. *Hunter*, in the Justice's Court; that on December 8, 1890, the plaintiffs commenced their action in the Justice's Court by filing their account for two hundred and fifty dollars, their affidavit and undertaking on attachment, and the issuance of a summons and writ of attachment; the summons was dated December 8, 1890, and was returnable December 11, 1890; that what purported to be a copy of the summons was served upon defendant the eighth day of December, 1890, requiring the defendant to appear on the thirteenth day of December; that on December 11th the justice entered judgment in favor of plaintiffs and against defendant for two hundred and fifty dollars and costs; that on December 19th the court denied defendant's motion to set aside the judgment; that in entering said judgment the justice had no jurisdiction, the judgment is void, affiant has no appeal, and no plain, speedy, or adequate remedy at law. Prayer for the writ. Writ issued. The justice, in obedience to the writ, returns a transcript of his record, and some affidavits, noticed below. The transcript discloses the following entries, which we abbreviate for the sake of condensation:—

Action commenced December 8th, by plaintiffs filing account for two hundred and fifty dollars, affidavit, and undertaking on attachment. Summons and writ of attachment issued, returnable December 11, 1890, at 2 P. M. Defendant appeared in court, and confessed judgment for the amount sued for and costs of suit. Judgment entered, specifying amount and costs. Execution issued; received one hundred and ninety-five dollars.

Upon the hearing in the District Court, the petitioner offered his affidavit, in which he denied that he had confessed judgment in the Justice's Court, or that he had had any conversation with the justice in reference to confessing judgment. The respondent, the

justice, offered his affidavit tending to support his record, and undertook to include in his return the affidavits of the plaintiff in the action and the constable who served the summons, which affidavits were to the effect that the defendant himself desired that the return of the summons be made in a shorter time than the statute provided; that is, at least four days before the return day. (§ 743, Code Civ. Proc.) But the justice's record does not show that such affidavits were filed in his court, or were ever before him.

These affidavits raised a disputed question of fact; that is to say, whether or not the defendant ever did, in fact, appear in the Justice's Court, and confess judgment therein, which question the parties sought to have heard and determined upon affidavits, upon a writ of *certiorari.* The District Court declined to so try this question of fact, and placed its judgment wholly upon the record of the justice, and held that the judgment of that court was rendered without jurisdiction, and annulled the same.

As to the return and review under the writ of *certiorari,* the statute provides, Code of Civil Procedure:—

"Sec. 558. The writ of review shall command the party to whom it is directed to certify fully to the court issuing the writ, . . . . and annex to the writ a transcript of the record and proceedings, . . . . that the same may be reviewed by the court. . . . .

"Sec. 561. The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer."

As to the confessions of judgment, there are the following provisions of the Code of Civil Procedure:—

"Sec. 738. Judgment upon confession may be entered up in Justices' Courts in this State specified in the confession.

"Sec. 739. Justices' Courts shall have jurisdiction of an action upon the voluntary appearance of the parties without summons. . . . .

"Sec. 740. Actions in Justices' Courts shall be commenced by filing a copy of the account . . . . and the issuance of a summons thereon, or by the voluntary appearance and pleading of the parties without summons. . . . ."

There are also the provisions for the entering of judgment with-

out action, upon the observance of prescribed formalities in the way of filing a verified statement in writing. (§ 465, et seq.)

Again, there is section 797, providing for an offer by the defendant, in writing, to allow judgment in a specified sum, and if the same be accepted, judgment is entered; and if that be declined, the disposition of costs upon the trial depends upon whether the amount recovered is greater or less than the sum offered by the defendant.

Such are the facts and the law applicable thereto.

*F. T. McBride,* for Appellant.

The judgment having recited the appearance of defendant, shows jurisdiction over the person of defendant and is valid on its face. Justices of the peace may acquire jurisdiction by the appearance of the parties. (Code, p. 251, § 739; p. 252, § 740.) A general appearance waives all defects or imperfections in the service of process. (12 Am. & Eng. Encycl. of Law, 437, n. 1.) Confession of judgment has been by the courts held to mean, "being present and admitting the debt." (12 Am. & Eng. Encycl. of Law, p. 439, § 24, n. 3; *Hopkins* v. *Walter,* 11 Ill. 543; *Hollister* v. *Giddings,* 24 Mich. 501.) The construction given to justice's entries should be fair and reasonable and such that will sustain the judgment, if it can fairly do so. (12 Am. & Eng. Encycl. of Law, p. 504, § 5, n. 3; *Wilton T. Co.* v. *Humphrey,* 15 Kan. 372; *Vroman* v. *Thompson,* 51 Mich. 452.) The judgment then being valid on its face, can only be annulled by evidence impeaching its recitals. If evidence is admitted to impeach the judgment, then evidence to sustain it, if offered, must be admitted. The decision, then, of the district judge upon the hearing was clearly erroneous, because he entirely ignored the jurisdictional fact recited in the justice's judgment, that defendant had appeared and confessed judgment; and because he considered the affidavit of Hunter impeaching the judgment, and refused to consider the affidavit of Eddy and others sustaining the judgment. Hunter, if dissatisfied with the judgment rendered against him in the Justice's Court, had the right to appeal from such judgment, and the order of the justice refusing to vacate the same to the District Court. Where the right of appeal is provided, *certiorari* will

not be issued. (Code, p. 205, § 555; *Saunders* v. *Sioux City Nursery & Seed Co.*, Utah, July 12, 1890, 24 Pac. Rep. 532; *Gray* v. *Schupp*, 4 Cal. 185, 186; *Clary* v. *Hoagland*, 13 Cal. 174; *Sturgis* v. *Shepard*, 28 Cal. 116, 117; Hayne on New Trial and Appeal, § 307, p. 931.) *Certiorari* will not lie if time for appeal has been suffered to lapse. (*Bennett* v. *Wallace*, 43 Cal. 26; *Miliken* v. *Huber*, 21 Cal. 169; *Faut* v. *Mason*, 47 Cal. 8.)

*Charles O'Donnell*, for Respondent.

The facts are: On the eighth day of December, 1890, A. A. McMillan *et al.* filed a complaint in the Justice's Court of John Eddy against one John Hunter for the sum of two hundred and fifty dollars. An affidavit in attachment was duly filed, a writ of attachment was issued, and the property of said Hunter attached. A summons was issued on the said eighth day of December, 1890, and returned the eleventh day of December, at two o'clock, P. M. What purported to be a copy of the said summons was duly served on John Hunter, the defendant, on the eighth day of December, 1890, requiring the defendant to appear in the court of John Eddy on Saturday, the thirteenth day of December, at ten o'clock, A. M. The defendant appeared on the said thirteenth day of December, in the Justice's Court, at ten o'clock, A. M., and was for the first time made acquainted with the pretended fact that he had appeared in the court of John Eddy on the eleventh day of December, 1890, and confessed judgment for the sum of two hundred and fifty dollars and costs of suit.

Section 743, subdivision 2, page 253, first division of the Code of Civil Procedure, Laws of Montana, states how a summons should be served, to wit: "In all other cases it shall be returnable in not less than four or more than ten days from its date, and shall be served at least four days before the time for appearance." Did the justice when he issued the summons observe this law? It is plain he did not. An agreement of parties cannot confer upon this court jurisdiction which is not given by law. (*Wilson* v. *Davis*, 1 Mont. 98; *Sanders* v. *Farwell*, 1 Mont. 599; *Rader* v. *Nottingham*, 2 Mont. 157.)

Section 797, page 266 of the Statutes of Montana, defines how a defendant may allow judgment to be taken against

him.   When a justice of the peace has rendered judgment for
costs to an amount exceeding fifteen dollars, and the judgment
for damages is not complained of, this court in *certiorari* reverses
the judgment as to costs, and affirms the judgment as to dam-
ages, with costs to this court with plaintiff in error. (*Hurlbut*
v. *Wilcox,* 19 Wis. 419.)   A justice of the peace has no power
to vacate or set aside a judgment rendered by him, etc. (*Winter*
v. *Fitzpatrick,* 35 Cal. 269.)   Inferior magistrates when required
by *certiorari* to return their proceedings must show affirmatively
that they have authority to act. (*People* v. *Board of Delegates*
*etc.* 14 Cal. 501.)   If the time for appeal has elapsed plaintiff
can apply to the County Court for a writ of *certiorari,* and thus
review the action of a justice in rendering judgment, so far as
the question of jurisdiction is concerned. (*Comstock* v. *Clemens,*
19 Cal. 78.)   It is essential to the validity of a judgment that
it be rendered by a court of competent jurisdiction at the time
and places and in the form prescribed by law. (*Wicks* v. *Lud-*
*wig,* 9 Cal. 173; *Whitwell* v. *Barbier,* 7 Cal. 54; *Taylor* v.
*Ringer,* 3 Wash. T. 539.)   When a judgment is absolutely
void: *Hahn* v. *Kelly,* 34 Cal. 391; 94 Am. Dec. 742; *People*
v. *County Court,* 10 Cal. 19; *Germond* v. *People,* 1 Hill, 343;
*Wynns* v. *Underwood,* 1 Tex. 48; *Doss* v. *Waggoner,* 3 Tex. 515.

DE WITT, J. (*dissenting*). — I am of opinion that the District
Court committed no error in declining to hear and determine
the disputed question of fact as to whether the defendant in the
action in the Justice's Court had in fact ever appeared in that
court or confessed judgment therein.   The province of the writ
of *certiorari* is to review the record and not to originally try
and determine facts *dehors* the record.   I am not to be under-
stood as holding that the reviewing court may not consider evi-
dence which was before the Justice's Court, and upon which that
court rendered its decision, and which evidence is certified up
with the record.   Upon that matter I reserve an opinion.   But
the evidence proposed to be used in this matter in the District
Court — that is to say, the evidence as to whether or not the de-
fendant in the Justice's Court did appear or confess judgment —
was offered, by affidavit, originally in the District Court, and that
court was asked in this respect not to review the judgment of

the Justice's Court upon an inspection of the evidence on which that judgment was rendered, but rather to hear and determine a question of fact presented originally to the District Court. Such is not the province of the writ of *certiorari,* and in so holding the District Court committed no error.

The statute of California is similar to ours. (Code Civ. Proc. Cal. § 1067, et seq.) The Supreme Court of that State has said in *Fraser* v. *Freelon,* 53 Cal. 645: "The transcript which is required to be certified to the court for review [on *certiorari*] is a transcript of the record and proceedings in the action, if it be an action, in which it is alleged that the court has exceeded its jurisdiction, and a transcript of such record and proceedings constitute the return, and the only return, that can be considered under the writ." (See, also, *People* v. *Board etc.* 14 Cal. 479; *Garretson* v. *Board etc.* 61 Cal. 54; *Commissioners etc.* v. *Supervisors of Carthage,* 27 Ill. 140; *Rutland* v. *County Commissioners,* 20 Pick. 71; *In re Borough of Quakertown,* 3 Grant Cas. 203; *Independence* v. *Pompton,* 9 N. J. L. 209; *Graecen* v. *Allen,* 14 N. J. L. 74; *State* v. *Mayor,* 32 N. J. L. 365; *Redmond* v. *Anderson,* 18 Ark. 449; *Miller* v. *McCullough,* 21 Ark. 426; *Ross* v. *Ellsworth,* 49 Me. 417; *Frederick* v. *Clark,* 5 Wis. 191; *Gervais* v. *Powers,* 1 Minn. 45; *People* v. *Mayor,* 2 Hill, 9; *People* v *Soper,* 7 N. Y. 428.)

While I am of opinion that the District Court properly declined to try the proposed question of fact upon affidavits on *certiorari,* as an original investigation, yet, if it be true, as the petitioner desired to show, that he had never appeared in the Justice's Court, or confessed judgment therein, it cannot be that he is without a remedy for such alleged flagrant violation of the rights of a citizen. Perhaps the case of *Foster* v. *Hauswirth,* 5 Mont. 566, and the case growing out of it, *Hauswirth* v. *Sullivan,* 6 Mont. 203, look towards some such remedy.

I will inquire whether the District Court erred in annulling the judgment of the justice of the peace upon the record.

The Justice's Court never obtained jurisdiction over the defendant Hunter, by service of a summons. That appears clearly from the justice's record. We need not consider the copy of the summons alleged to be served. The service was made less than four days before the return day thereof, as set

forth in the summons (§ 743, Code Civ. Proc.), and less than four days before the judgment was rendered.

This brings us to the last consideration. Does the justice's docket sufficiently show that the defendant voluntarily appeared, and did that which authorized the justice to enter judgment against him?

The respondent seems to contend that, to authorize such judgment, the confession of judgment should be in writing. (Code Civ. Proc. § 465, et seq.) But those sections of the statute provide for a judgment by confession *without action*, and do not purport to prescribe procedure in an action of the ordinary character. But in the matter at bar there was an action. It was not the proceeding of confession of judgment without action.

Nor is section 797 of interest in this inquiry. That section provides for an offer in writing to allow judgment in a specified sum. If the offer be accepted, judgment follows. If it be declined, and the trial proceeds, the offer controls the disposition of the future accruing costs. The whole intent of this section, it is perfectly apparent, is to allow a defendant to submit to a judgment for what he admits to be due, and to save him further costs if his admission is found to be a just allowance of the plaintiff's claim. There is nothing in the section to indicate that the defendant may not confess, and have entered against him, judgment for the whole amount claimed by his oral confession or statement in court.

Again, the statute provides (§ 740) that, in lieu of service of summons, there may be a voluntary appearance and pleading of the parties without summons. I treat this case with the matter of service of summons wholly out of consideration. I rely entirely upon whether the defendant voluntarily appeared, and, upon that appearance, did that which authorized the court to enter judgment against him.

He certainly appeared voluntarily (§ 739); that is unquestioned upon the record. When he appeared he "confessed judgment for the amount sued for and costs." (See justice's record.)

Defendant's pleadings in a Justice's Court may be oral. (§ 769, Code Civ. Proc.) They need not be in any particular form, but shall be such as to enable a person of common under-

standing to know what is intended. (§ 770, Code Civ. Proc.) They are generally informal. I am of opinion that if a defendant voluntarily appears in a Justice's Court, and confesses judgment for the amount sued for, such oral pleading is sufficient to enable a justice's understanding to know what is intended.

The Supreme Court of Illinois says (*Hopkins* v. *Walter*, 11 Ill. 543): "We entertain no doubt as to the authority of a justice of the peace to render a judgment by confession, when the party was before him, and acknowledged an indebtedness to an amount within his jurisdiction. A confession between the parties to a suit furnishes the most satisfactory evidence of indebtedness."

In Bouvier's Law Dictionary, among the definitions of "judgment," we find the following: "The conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of the suit." "Judgment by confession is a judgment entered for the plaintiff in case the defendant, instead of entering a plea, confesses the action, or at any time before trial confesses the action, and withdraws his plea and other allegations."

In *Reed* v. *Hamet*, 4 Watts, 441, we find the court saying: "The power of the prothonotary to sign judgment rests on a statutory grant of it, when that officer was *ex officio* a judge of the common pleas, which has not been revoked. The question, then, is simply whether a defendant may appear before him and confess judgment in person — a question that will not bear a moment's consideration, for he certainly may do in person whatever he can by deed authorize another to do for him; and judgments in vacation by confession, on warrant of attorney, have been recognized as valid since the foundation of the province. But judgments by confession, on the appearance of the party in the office, though not universal, have from time immemorial also been frequent, and their validity has never been contested." The opinion was *per curiam*, of which Gibson was chief justice.

The case of *Crouse* v. *Derbyshire*, 10 Mich. 479; 82 Am. Dec. 51, is so entirely in point that I cannot forbear citing therefrom somewhat at length. In addition to its reasoning, the opinion is commended by the concurrence of those eminent

jurists, Campbell and Christiancy, who so long adorned the supreme bench of Michigan. The opinion says (Martin, C. J.): "The judgment upon the justice's docket in the case of *Derbyshire* v. *Church* was properly admitted and read in evidence. In cases regularly commenced by process, the parties may appear and plead either orally or in writing, and the defendant may as well admit as deny the action. The legislature never . contemplated so great an absurdity as to require proof by the sworn statements of a by-stander that the defendant had confessed the action in the presence of the justice, and in open court, in order to authorize the rendition of a judgment upon such admission. When the action is commenced by process, as in the case before the justice, and the parties appear, and the plaintiff declares, and the defendant pleads, either by denial or confession of the action, there is technically an issue joined; and the jurisdiction of the justice to render a judgment is co-extensive under either plea. In the one case, he hears the proof from the mouths of witnesses; in the other, from the defendant. What the legislature meant by authorizing a justice of the peace to render judgment upon an issue joined between the parties was simply that it should be upon pleadings; and any pleading known to the law which authorizes a finding and conclusion by the court, whether upon or without evidence, is within the spirit and letter of the statute; and he hears the proof and allegations of the parties as much upon a declaration and *cognovit* as though he received the sworn testimony of witnesses upon a declaration and plea denying the action. And there is no reason for any other construction of the statute; for no benefit can result from a departure from this common-law method, and requiring a denial of that which the party is willing to acknowledge, in order to confer the authority to render a judgment.

As the law now stands, parties may be witnesses in their own behalf as well as for their adversary. How absurd would it be to refuse the confession of the defendant, made in the progress of a trial, unless he should make it upon oath! If the admission of a party or his attorney, made in the progress of a trial, is binding, why should it not be equally so, when made in open court, at the forming of an issue, to prevent expense and liti-

gation? In my opinion, an oral admission or *cognovit* is within the statute, and confers upon the justice as ample jurisdiction to enter judgment as would be the sworn statements of witnesses.

But when judgment is rendered without process, or the publicity and formality of a trial, the statute requires that the confession of the debtor shall be in writing, signed by himself in the presence of the justice. In this case, the jurisdiction is obtained from the written confession, as in others it is from process and appearance. And it is to cases of voluntary appearance of the debtor only, without process, that the requirement of a confession in writing is limited."

This decision is so thoroughly satisfactory that little remains to be said. In Michigan the statute requires that, upon a voluntary appearance without process, a confession of judgment in a Justice's Court shall be in writing—a salutary provision, and one that is absent from the statute of this State.

In the Michigan case it seems that the defendant appeared in obedience to process. In the case at bar the defendant appeared and pleaded voluntarily, which, under our statute, places him in the same position as if he appeared by process. This fact renders the applicability of the Michigan case and its reasoning complete. Upon a confession of judgment in writing, in Michigan, the jurisdiction of the court is acquired by the written confession, as it is in other cases by process and appearance. But in this State jurisdiction in a Justice's Court is obtained by the voluntary appearance of the parties without summons. (§ 739, Code Civ. Proc.) Written confession of judgment is not required when there is an action and a voluntary appearance. It is required to obtain jurisdiction only, *without* action. (Code Civ. Proc. § 465, et seq.)

Therefore, the Justice's Court had jurisdiction over the defendant Hunter when he appeared voluntarily in the action. That court had jurisdiction over the person and the subject-matter. That being true, may defendant, when he is in court, confess judgment? It would seem so, from the decisions from Michigan, Pennsylvania, and Illinois, which I have cited.

It seems to be conceded by respondent that, if the justice's record had set forth that the defendant "consented to" or "admitted" judgment, it would have been sufficient. But I cannot

discover anything magical in the words "confession of judgment." They are used in section 465, et seq., in defining how a judgment may be entered without action. There is nothing in that section which declares, and there is nothing in general principles that indicates, that if a word, as "confession," in this instance, is used in one connection, to describe something technical, when such word leaves that particular company in which it is found, and goes out into the world of language again to be used by men, it is to retain, for all time and in other places, the technical signification that it had in the society where it was temporarily doing service. Under the provisions of section 465, et seq., the term "confession of judgment" means a confession in writing. The statute so declares. But when that expression is found elsewhere, and used to describe something else, I am of opinion that it has not been branded with a meaning which it must carry into all other associations in which it may be found.

The word "confession," both in its derivation and uses, is a plain one. It is an every-day sort of word, and is well understood. The first definition in the Century Dictionary is: "The acknowledgment of a fault or wrong, or of an act or obligation adverse to one's reputation or interest."

To my mind, the entry of the justice of the peace makes it entirely clear what the defendant did. He "acknowledged an obligation adverse to his interests;" that is to say, he acknowledged the indebtedness. He confessed judgment for the amount sued for. This is so clear to my perceptions that I am of opinion that the justice's record sufficiently shows a rendition of a judgment against the petitioner, and that, therefore, the judgment of the District Court upon the writ of *certiorari* should be reversed. But my associates do not agree with my conclusion, and hereafter express their views, upon which the judgment of this court will be rendered.

BLAKE, C. J.—The facts are stated in the opinion of Mr. Justice DE WITT. The determination of this appeal depends upon the legal effect of the following entry and judgment of the justice of the peace, Eddy: "December 11, 1890, at two, P. M., defendant appeared in court, and confessed judgment for

the amount sued for, and costs of suit. Judgment is therefore herein entered for the plaintiffs, A. A. McMillan and R. K. Leggatt, and against the defendant, John Hunter, for the sum of two hundred and fifty dollars, and costs." The statute prescribes the duties of justices of the peace respecting these matters: "Every justice shall keep a book denominated a 'docket,' in which he shall enter: . . . . *Fourth.* The time when the parties, or either of them, appear, or their non-appearance if default be made; a minute of the pleadings and motions, if in writing, referring to them, if not in writing, a concise statement of the material parts of the pleadings, and of all motions made during the trial by either party, and his decisions thereon. . . . . *Ninth.* The judgment of the court, specifying the costs included, and the time when rendered. . . . . *Twelfth.* A note of any other proceedings taken in the action or proceeding." (Code Civ. Proc. § 805.) "Such entries in a justice's docket, or a transcript thereof certified to by the justice or his successor in office, shall be primary evidence to prove the facts so stated therein." (Code Civ. Proc. § 806.) "When the pleadings are oral, the substance of them shall be entered by the justice in his docket; when in writing, they shall be filed in his office, and a reference to them made in his docket. Pleadings shall not be required to be in any particular form, but shall be such as to enable a person of common understanding to know what is intended." (Code Civ. Proc. § 770.)

It is the general principle that the authority of a justice of the peace to enter a judgment must affirmatively appear. What is the meaning of the foregoing term, "confessed judgment?" The Code of Civil Procedure gives a satisfactory definition: "Judgment upon confession may be entered up in any Justice's Court." (§ 738.) "A judgment by confession may be entered without action . . . . in the manner prescribed by this chapter." (§ 465.) "A statement in writing shall be made and signed by the defendant, and verified by his oath, to the following effect: *First*, it shall authorize the entry of judgment for a specified sum." (§ 466.) "If the defendant, at any time before trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judg-

ment therefor, with the costs there accrued; but if he do not accept such offer before the trial, and fail to recover in the action a sum larger than the one mentioned in the offer, he shall not recover any costs accruing after the offer was made." (§ 797.)

A majority of the court is of the opinion that the words "confessed judgment" refer necessarily to those statutory provisions which require the action of the defendant to be evidenced by a written document. It is admitted that said Hunter did not execute any papers of this nature, and the jurisdiction of the justice to enter the judgment is not founded upon them. If the entry in the docket can be treated as the record of an oral pleading on the part of Hunter, the language is so ambiguous and unintelligible that we are unable to ascertain what was said or done or pleaded. Viewed from any stand-point, we are not informed concerning the grounds upon which the justice, Eddy, exercised jurisdiction in the manner complained of. It is conceded that the summons is fatally defective, and that the service thereof did not confer jurisdiction of Hunter. It is, if possible, more essential in this class of actions than any other that the docket of the justice should recite the facts on which the judgment is predicated.

In *Lowe* v. *Alexander*, 15 Cal. 296, Mr. Justice Cope for the court said: "In respect to the service of the summons, it is contended that the docket of the justice, in which it is recited that the summons was 'returned duly served,' is conclusive. We do not see upon what principle the recital is entitled to any weight whatever. The return of the officer is as much a part of the record as the docket itself; and if such return fail to show a sufficient service, the recital in the docket, based upon the return alone, cannot be relied upon as giving validity and effect to the judgment. Such recital amounts to nothing more than the opinion of the justice as to the legal sufficiency of the return, it neither embraces, nor professes to embrace, the determination of any question of fact." (*Dick* v. *Wilson*, 10 Or. 490; *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 370; *Kane* v. *Desmond*, 63 Cal. 464.) In the last case the court said: "There was no appearance by the defendant; the judgment purports to have been rendered by default; and the mere recital in the docket, viz: 'September 17th. Return served summons'—affords no

proof of the jurisdictional facts necessary to support the judgment—it is of no weight as proof of the proper service of the summons." It is evident that the bare statement in the docket that Hunter "confessed judgment" is a conclusion of the justice, and not the assertion of a jurisdictional or any other fact. There is no statement of the material parts of the answer of Hunter, and this conclusion is not the pleading which is required by the statute. The docket does not disclose the proceedings that were actually taken in the action by Hunter. The lack of jurisdiction in the Justice's Court appears upon the face of the record, and the court below rightfully nullified the judgment.

It is ordered and adjudged that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., concurs.