STATE EX REL. KENNEDY, APPELLANT, *v.* HUBBARD,
JUSTICE OF THE PEACE, RESPONDENT.

(No. 5,952.)

(Submitted September 18, 1926.   Decided October 8, 1926.)

[253 Pac. 271.]

*Justices' Courts—Oral Confession of Judgment—Sufficiency—*
*Pleadings—Liberal Construction of Statutes.*

Justices' Courts—Oral Confession of Judgment—Sufficiency.
  1.   Where defendant, in an action to recover a debt, in response
  to a summons out of a justice's court appeared in person on
  the day set for trial and orally "acknowledged" judgment, he in
  effect admitted the allegations of the complaint and the judg-
  ment entered thereon was to all intents and purposes a judgment
  on the pleadings, and not open to the objection that as a
  "confession of judgment" it was void because not evidenced by
  a writing executed by defendant as required by sections 9868
  to 9871, Revised Codes. (*Hunter* v. *Eddy*, 11 Mont. 251, holding
  otherwise, overruled.)
Same—Pleadings and Proceedings—Liberal Construction of Statutes.
  2.   In construing statutory requirements under which the actions
  of justices of the peace affect the substantial rights of litigants,
  great liberality should be exercised.

[1]   Justices of the Peace, 35 C. J., sec. 286, p. 660, n. 90.
[2]   Justices of the Peace, 35 C. J., sec. 127, p. 553, n. 77.

*Appeal from District Court, Lincoln County; Charles W.*
*Pomeroy, Judge.*

ACTION by the State, on the relation of B. N. Kennedy,
against A. M. Hubbard, justice of the peace of Troy Township.
From the judgment in favor of defendant, plaintiff appeals.
Affirmed.

Cause submitted on briefs of counsel.

*Mr. B. J. McIntire,* for Appellant.

*Mr. Heath Youell,* for Respondent.

1.   See 16 R. C. L. 384.
2.   See 16 R. C. L. 382.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lincoln county, upon writ of review affirming a judgment rendered against relator in a justice court. The return to the writ shows the following facts:

On April 17, 1925, one Frank Stonechest duly commenced action against relator Kennedy to recover the sum of $150. Summons was duly issued and served on that day, requiring Kennedy to appear before the justice court at 10 o'clock A. M., April 27, 1925. The entry in the justice's docket for this latter date is as follows:

"April 27th, 10 Oc A. M. A. D. 1925. Mr. Frank Stonechest appeared in person. Mr. B. N. Kennedy appeared in person. Mr. B. N. Kennedy acknowledged Judgment in the sum of one hundred and fifty dollars and costs. Plaintiff demanded writ of execution and judgment. Judgment entered for the plaintiff in the sum of one hundred and fifty dollars, amount set forth in complaint and costs to date.  *  *  * Execution issued."

Counsel contends that the record discloses a judgment entered on "confession of judgment" under the provisions of sections 9868 to 9871, Revised Codes of 1921, or the entry of a default judgment without first entering the default of defendant; that, if on "confession," the justice was without authority to enter judgment for the reason that no "statement in writing" was filed in that court, and that nowhere in the justice's docket does any recital of facts authorizing the justice to enter judgment, appear.

Counsel relies solely upon the authority of *Hunter* v. *Eddy*, [1]  11 Mont. 251, 28 Pac. 296. The opinion in this case was rendered by two members of this court as then constituted, Mr. Justice De Witt writing a vigorous dissenting opinion. The opinion hinges upon the wording of the entry made in a justice's docket to the effect that the defendant appeared and

"confessed judgment." Answering its own query: "What is the meaning of the foregoing term "confessed judgment?" the court said: "The Code of Civil Procedure gives a satisfactory definition: * * * " it then refers to the sections of the Code—now sections 9868 to 9871, inclusive, of the Revised Codes of 1921,—providing for the "confession of judgment without action," in which it is declared that "a statement in writing shall be made and signed by the defendant," *etc.* The court then refers to section 797—now section 9687, Revised Codes of 1921—providing that the defendant may at any time before trial, offer, in writing, to allow judgment to be taken against him for a specified sum, whereupon judgment may be entered for such a sum, but for no more. Relying upon the technical use of the phrase "confessed judgment," found nowhere in the Code but in the section referred to, the court held that, as no statement in writing was filed with the justice court, that court was without authority to enter the judgment in question.

Sections 9868 to 9871 clearly apply only to the method of securing judgment "without action," while section 9687 as clearly applies only to an offer of compromise before trial. To "confess" means "to acknowledge, to admit" (New International Dictionary), and a "judgment by confession (independent of statutory provisions) is a judgment entered for plaintiff in case the defendant, instead of entering a plea, confesses the action." (Bouvier's Law Dictionary.)

We do not agree with the majority opinion of the court in *Hunter* v. *Eddy,* but rather with the dissenting opinion of Mr. Justice DeWitt therein, that "if the admission of a party or his attorney, made in the progress of a trial, is binding, why should it not be equally so when made in open court, at the forming of an issue, to prevent expense and litigation? In my opinion an oral admission or *cognovit* is within the statute, and confers upon the justice as ample jurisdiction to enter judgment as would be the sworn statement of witnesses."

[77 Mont. 170.]

He cites in support of this statement, *Hopkins* v. *Walter,* 11 Ill. 543; *Reed* v. *Hamet,* 4 Watts, 441; *Crouse* v. *Derbyshire,* 10 Mich. 479, 82 Am. Dec. 51.

Here the action was duly instituted and the defendant was in court at the time he was required to appear and answer to the complaint. His answer could be either in writing or oral (sec. 9638); it might be merely an oral general denial (sec. 9641); instead of denying, he saw fit to admit the allegations of the complaint and thus save himself further costs. This was an answer to the complaint and the defendant stood in no different position than that of a defendant who, having filed a written answer, has failed to raise an issue, thus entitling the plaintiff to judgment on the pleadings. No default was necessary, as the defendant was not in default; no written statement was necessary, as the statute does not require such a pleading. The defendant was personally present and assented to the entry of judgment, which was, in effect and in fact, a judgment on the pleadings.

The pleadings and the proceeding were somewhat informal, [2] but they were before that "forum of laity" where "great liberality should be exercised in construing statutory requirements under which the action of the justice affects the substantial rights of the litigants." (*Malano* v. *Bressan,* 76 Mont. 366, 245 Pac. 871.)

For the reasons stated the case of *Hunter* v. *Eddy,* above, is expressly overruled. The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES GALEN and STARK and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.