LAKIN-ALLEN ELECTRIC CO *v.* WAYNE CIRCUIT JUDGE.

Judgment—Summary Judgment for Part of Demand is Res Adjudicata of Whole.

Where, in action on note and open account, on motion for summary judgment under 3 Comp. Laws 1915, § 12581, and Circuit Court Rule No. 34, defendant admitted owing note and certain items, but by affidavit of merits raised issues

of fact as to other items,- judgment could not be entered for admitted items and others be reserved for subsequent trial; said judgment, if accepted by plaintiff, being *res adjudicata* of whole demand.

Mandamus by the Lakin-Allen Electric Company, a Michigan corporation, to compel Fred S. Lamb, circuit judge presiding in Wayne county, to set aside a summary judgment on an open account and promissory note. Submitted June 4, 1929. (Calendar No. 33,889.) Writ denied conditionally July 8, 1929.

*Aldred L. Meredith* (*Ralph E. Routier*, of counsel), for plaintiff.

*Samuel J. Rhodes* (*Herman R. Sable*, of counsel), for defendant.

WIEST, J.   Plaintiff herein seeks our writ of mandamus, directing the circuit judge to set aside a summary judgment rendered against it in a suit brought by the Metropolitan Electric Company, a Michigan corporation, doing business as Morris Blumberg Electric Company.

The suit was upon a note and an open account. Upon motion for summary judgment plaintiff herein admitted owing the note and also some items in the open account, and by affidavit of merits raised issues of fact as to other items. The circuit judge entered judgment for the amount of the admitted indebtedness and reserved the disputed items for subsequent trial. This, if sanctioned, will result in two judgments in one action.

In support of the action of the circuit judge, it is urged that, unless such be held the purpose of the statute (3 Comp. Laws 1915, § 12581), and Circuit Court Rule No. 34, no end is served in requiring a showing of merits, and defendant, by raising an is-

sue of fact as to a small item, can stay judgment for admitted items of indebtedness until trial. The statute and rule need no such extension in order to serve their purpose. Items admitted require no proof at the trial and the issue or issues of fact are segregated. If some small item only is disputed, then plaintiff, unless litigious, can avoid a trial by accepting the confessed liability and taking judgment therefor. If he does so, however, the judgment concludes the suit and is *res adjudicata* of the whole demand. Such is the legal effect of the judgment in suit.

Counsel for plaintiff (below) states in his brief that, if judgment for the admitted indebtedness cannot be granted and an issue upon contested items be reserved for disposition upon subsequent trial, then plaintiff will accept the amount of the judgment, as entered, in satisfaction of the demands in suit, and by remittitur make the proper record.

If the judgment stands it remits the contested items. Plaintiff may elect to accept the judgment as entered, and if the remittitur is filed within ten days the writ will be denied, without costs.

North, C. J., and Fead, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.