## GRAND DRESS, INC., *v.* DETROIT DRESS CO.

JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT PRESENTED BY AFFIDAVITS NOT DETERMINABLE BY COURT.

Where, in action on open account, plaintiff moved for summary judgment on showing by affidavit, and defendant filed affidavit of merits, and, by counter affidavit, admitted certain specific items, but set up that difference between parties is that plaintiff increased agreed price for each article purchased, and tendered judgment for confessed amount, court could not, on affidavits, determine issue of fact presented by defendant, and therefore entry of judgment for plaintiff for full amount of claim was error; but plaintiff could have taken judgment for confessed amount by remitting amount in dispute.

Error to Wayne; Richter (Theodore J.), J. Submitted October 8, 1929. (Docket No. 14, Calendar No. 34,189.) Decided December 3, 1929.

Assumpsit by Grand Dress, Inc., a New York corporation, against Detroit Dress Company, a Michigan corporation, on an open account. From summary judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*Shapero & Shapero,* for defendant.

WIEST, J. This suit was brought in assumpsit upon an open account. The declaration was on the common counts, accompanied by a bill of particulars. The plea was the general issue. Plaintiff moved for summary judgment upon a showing by affidavit of its general credit manager that:

"She has had principal charge of the above claim and has full knowledge of the facts and circumstances surrounding the above transaction. * * *

"That said account is true and just and that all merchandise on which said account is based has been sent to the defendant, Detroit Dress Company, and that the said defendant has never disputed the correctness of said account, and has previously made payments on the said open account in the sum of three hundred sixty-nine and 91/100 ($369.91) dollars, the original amount of said account being eighteen hundred fifty-eight and 95/100 ($1,858.95) dollars. * * *

"That the defendant has no defense on the merits to all or any part of plaintiff's claim and states that the plea heretofore filed by the defendant was filed solely for the purpose of delaying entry of judgment in this cause."

Defendant's vice-president filed a counter affidavit upon personal knowledge, admitted specific items, and set up that the difference between the parties "is that the plaintiff has increased the agreed price for each dress purchased by defendant in the sum

of twenty-five cents ($0.25) per dress." There was also an affidavit of merits. The court awarded plaintiff judgment for the full amount of its claim, and defendant reviews by writ of error, claiming that the affidavit of plaintiff's credit manager was fatally defective because not upon averment of personal knowledge, and the affidavit of defendant's vice-president raised a question of fact upon disputed items specified.

We need consider only the second point. The circuit judge could not, upon the affidavits, determine the issue of fact presented by defendant.

Defendant tendered judgment for the confessed amount and plaintiff could, had it cared to do so, have taken judgment for such amount, remitting thereby, however, the amount in dispute. *Lakin-Allen Electric Co.* v. *Wayne Circuit Judge,* 247 Mich. 590.

The judgment is reversed, and a new trial ordered, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.