DETROIT TRUST CO. *v.* SMITH.

1. PLEADING—PURPOSE OF PLEADING.
   Purpose of rule relating to pleading is to eliminate all immaterial matters and frame issues either of fact or law to be tried by court or jury.

2. EVIDENCE—ADMISSIONS IN OPEN COURT OR IN PLEADINGS BINDING.
   Since admission in open court is binding on party making it, and court may act on it without other proof relating thereto, such admission is equally binding and may be acted on when made in pleadings which rules require to be filed.

3. JUDGMENT—MAY BE ENTERED ON UNCONDITIONAL ADMISSION IN
   PLEADINGS.
   Court may enter judgment on pleadings where they disclose un-
      conditional admission of liability for amount for which judg-
      ment is entered.

Appeal from Wayne; Boomhower (Xenophon), J.,
presiding. Submitted October 21, 1931. (Docket
No. 164, Calendar No. 35,977.) Decided December 8,
1931.

Assumpsit by Detroit Trust Company, as receiver
of Guaranty Investment Company, against Freder-
ick P. Smith on promissory notes. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Martin, Hunt & Field,* for plaintiff.

*A. D. Ruegsegger,* for defendant.

SHARPE, J. The declaration filed herein alleged
that on August 10, 1927, defendant executed eight
promissory notes in the sum of $5,000 each and one
in the sum of $4,000, payable to the order of the
Guaranty Trust Company of Detroit, trustee, all
payable one year after date, with interest at the rate
of six per cent. until maturity, payable semi-annu-
ally, and thereafter at the rate of seven per cent.
until paid; that these notes were duly assigned to
the Guaranty Investment Company; that the defend-
ant had paid the interest thereon to February 10,
1928, and that there was then due thereon the prin-
cipal sum of $44,000, with interest from that date.
Copies of the notes, which were secured by a real
estate mortgage, were annexed thereto.

In a plea filed by defendant's attorney he admitted
the truth of the above allegations except as to the

amount of the indebtedness claimed. In a notice of special defense attached thereto, he admitted a loan of $40,000, and averred that the sum of $4,000 was a charge made by the payee over and above the interest rate for making the loan, and that such fact was known to the plaintiff at the time of the transfer.

This plea and notice were filed on May 23, 1931. On May 25th, the plaintiff filed a reply thereto, saying:

"that for the purpose of this suit this plaintiff will not deny the allegations set forth in support of said special defenses and therefore claims a judgment against said defendant for the sum of $40,000 without interest, and costs."

On June 9th following, the plaintiff entered a motion for judgment for this amount, based upon the pleadings, and pursuant thereto a judgment was entered for plaintiff on June 15, 1931, of which defendant seeks review by appeal.

The record also discloses that the Detroit Trust Company was appointed receiver of the Guaranty Investment Company on July 14, 1931, and entered its appearance to the notice of appeal filed.

The question presented is whether a court may enter a judgment upon the pleadings where, as here, they disclose an unconditional admission of liability for the amount for which the judgment is entered. Defendant contends that there is no statute in this State or rule of this court providing therefor. He calls attention to Michigan Court Rule No. 30, providing for summary judgments.

The declaration as filed alleged an indebtedness of $44,000. The answer filed thereto admitted an indebtedness of $40,000 on the notes sued upon. Plaintiff filed an admission that it would be content with a judgment for that amount. The purpose of

the rule relating to pleadings is to eliminate all immaterial matters and frame issues either of fact or law to be tried by the court or a jury. A consideration of these pleadings left no issue to be determined. Had the case proceeded to a trial, and on its opening had the defendant admitted an indebtedness of $40,000, and had the plaintiff expressed its willingness to accept a judgment for that amount, surely the court could have then entered it without additional proof. An admission in open court is binding upon a party making it, and the court may act upon it without other proof relating thereto. And if so, such an admission is equally binding and may be acted upon when made in the pleadings which the rules require to be filed.

In the early case of *Crouse* v. *Derbyshire,* 10 Mich. 479 (82 Am. Dec. 51), the defendant was sued in justice's court upon a promissory note. Plaintiff declared on the note, and the defendant admitted its execution. The justice thereupon entered a judgment against him for the amount. In affirming the judgment in this court, it was said:

"As the law now stands, parties may be witnesses in their own behalf, as well as for their adversary. How absurd would it be to refuse the confession of a defendant made in the progress of a trial, unless he should make it upon oath. If the admission of a party or his attorney made in the progress of a trial is binding, why should it not be equally so when made in open court, at the forming of the issue, to prevent expense and litigation."

In 34 C. J. p. 143, it is said:

"Where defendant in his pleadings admits liability on the cause of action set up against him, plaintiff is entitled to have judgment entered in accordance with such admission, provided the admission is distinct, unequivocal, and unconditional,

and it is clear that no issue of fact is to be tried, and no serious question of law is to be argued. Such judgment may be entered on motion, without a trial on the merits, and without evidence in support of the admission; nor can defendant introduce evidence contradicting the admissions in his answer."

Many cases are cited in the footnote in support of the rule as stated. See, also, *Lakin-Allen Electric Co.* v. *Wayne Circuit Judge,* 247 Mich. 590, and *Grand Dress, Inc.,* v. *Detroit Dress Co.,* 248 Mich. 447.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, NORTH, and FEAD, JJ., concurred.