AUTO PURCHASE CORPORATION v. JOHNSTON.

1. JUDGMENT—PLEADINGS.
  In action where first count was based on promissory note and second count on practically all of the common counts, and defendant's answer denied all allegations in the second count, the judgment for plaintiff on its motion for judgment on the pleadings would necessarily be based on the first count and answer thereto (Court Rule No. 17, § 7, [1945]).

2. APPEAL AND ERROR—CONSOLIDATED CASES.
  Where two actions involving the same parties were brought on two promissory notes, differing as to amount, were consolidated for purposes of appeal but record and briefs pertain only to one of the cases by stipulation of counsel, decision based on such case is controlling of case consolidated therewith.

3. JUDGMENT—PLEADINGS—CONTROLLING ISSUES.
  Where a plaintiff seeks judgment by motion therefor on the pleadings, unsupported by affidavit or testimony taken in open court, the controlling issue is whether on the face of the pleadings plaintiff is entitled to judgment by reason of the fact that all allegations in the declaration essential to recovery have been admitted or there is a failure to demand proof thereof or no valid affirmative defense is alleged (Court Rule No. 17, § 7 [1945]).

4. BILLS AND NOTES—INDORSEMENT—WITHOUT RECOURSE.
  In action on promissory note indorsed by defendant if it were established by competent evidence that he indorsed or assigned the note with the understanding and agreement that he did not thereby assume "any personal liability as indorser or guarantor," it would constitute a valid defense.

5. SAME—PLEADINGS—HOLDER FOR VALUE—HOLDER IN DUE COURSE—QUESTION OF FACT.
  Where allegations in declaration on promissory note that defendant indorsed and delivered it to plaintiff's assignor before

maturity and for value and that plaintiff's assignor indorsed and delivered it to plaintiff for value were denied by defendant, latter's denial that his assignee was a holder before maturity or that plaintiff was a holder for value, raised issue of fact under the pleadings as to whether or not plaintiff was a holder in due course (2 Comp. Laws 1929, §§ 9275, 9301).

6. Same—Indorsement—Maturity—Defenses.

An indorsee of a promissory note after maturity stands in the shoes of its indorser as to any defense which would have been available against such indorser.

7. Judgment—Pleadings—Admission of Liability.

A court may not enter judgment for plaintiff on the pleadings where they do not disclose an unconditional admission of liability for the amount for which judgment is entered (Court Rule No. 17, § 7 [1945]).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 14, 1947. (Docket Nos. 72, 73, Calendar Nos. 43,840, 43,841.) Decided January 5, 1948.

Separate actions of assumpsit by Auto Purchase Corporation against Jack C. Johnston as indorser on two promissory notes. Judgments for plaintiff on the pleadings. Defendant appeals. Cases consolidated. Reversed and remanded for further proceedings.

*Charles Rubiner,* for plaintiff.

*Herbert J. Pevos,* for defendant.

North, J. Plaintiff commenced two suits against defendant as indorser of two promissory notes. These notes, originally payable to defendant, by his indorsement passed to the Auto Purchase Company, and thereafter they passed to plaintiff by indorsement of the Auto Purchase Company. On appeal to this Court the two cases were consolidated, the

parties and issues being identical. After defendant had answered, plaintiff made a motion in each case for judgment on the pleadings (see Court Rule No. 17, § 7 [1945]) on the ground that "under the answer of defendant,   *   *   *   the facts set up by said defendant, even if true, do not constitute a defense to said action." The trial court granted plaintiff's motions and entered judgment in each case against defendant. Thereafter defendant moved in each case to set aside the judgment, urging in support of each motion: "1. That the judgment entered on the pleadings in the above entitled cause was contrary to the laws of this State: 2. That the judgment entered in the above entitled cause was unsupported by any evidence." Defendant's motions were denied, and he has appealed.

Each of plaintiff's declarations consists of two counts, one count being based specifically on the promissory note involved and the other on practically all of the common counts. Since defendant's answer in each case denied all of the allegations in the second count, the respective judgments were necessarily based on the first count, and the answer thereto. In the first of the two cases plaintiff had judgment for $1,854.28, and in the second judgment for $1,588.78. Since the record and briefs on this appeal by stipulation of counsel pertain only to the first of the two cases, our decision will likewise pertain to the first case, but under the circumstances will be controlling of decision in the second case.

Plaintiff's motion for judgment was not supported by an affidavit or by testimony taken in open court. Obviously the record could not be so amplified by one seeking judgment on the pleadings. So the controlling issue presented on this appeal is whether on the face of the pleadings plaintiff was entitled to judgment. At once the question arises as to whether

all the allegations in plaintiff's declaration essential
to recovery have been admitted or has there been a
failure to demand proof thereof, and also as to
whether a valid affirmative defense is alleged.

In paragraph 4 of plaintiff's declaration it is al-
leged that *"before the maturity of said note*
\* \* \* (defendant) indorsed said note and de-
livered the same to (plaintiff's assignor or indorser)
\* \* \* *for value.* That thereafter and before the
commencement of this suit \* \* \* (the prior
holder) indorsed said note and delivered the same to
plaintiff *for value."* Defendant's answer specifi-
cally denies the allegations in paragraph 4 of plain-
tiff's declaration. By so doing defendant has denied
that his indorsement and delivery of the note was
before its maturity, and also denied that either
plaintiff or the immediately prior holder of the note
was a holder for value.*

Further, defendant's answer sets up an affirma-
tive defense which in substance is that at the time
defendant indorsed or assigned the respective notes
to the Auto Purchase Company it was done with the
understanding and agreement that defendant
thereby did not assume "any personal liability as in-
dorser or guarantor." If established by competent
testimony the above would constitute a valid de-
fense. *Blackwood* v. *Sakwinski,* 221 Mich. 464 (29
A. L. R. 1314). We quote in part that portion of de-
fendant's answer wherein appears the defense of
the above nature.

"(Defendant Johnston) was requested by the said
Auto Purchase Company, through its agents and
servants, to perfect its lien by placing the amount
of its lien on the title (of the trucks for which the
notes were given by defendants Mawby and Hol-
comb) to be issued to the aforesaid defendants (pur-

---

* See 2 Comp. Laws 1929, § 9275 (Stat. Ann. § 19.68).—REPORTER.

chasers of the trucks) by the secretary of State of the State of Michigan, and this defendant was further requested, in order to perfect its lien, to sign certain papers prepared by the said Auto Purchase Company; that, thereupon, this defendant advised the said Auto Purchase Company, through its agents and servants, that his dealings with the said defendants, Mawby and Holcomb (purchasers of the trucks), were on a cash basis and that he would under no circumstances become guarantor, surety or indorser with recourse of any papers executed and delivered by the said defendants to the Auto Purchase Company, * * * and that the said dealer's assignment and warranty reads as follows:

" 'For value received the undersigned mortgagee hereby sells, assigns and transfers to Auto Purchase Co.—Detroit the within chattel mortgage and all right, title and interest of the mortgagee therein and to the property therein described, together with the note secured thereby.' * * *

"That in order to induce this defendant to affix his signature to the aforesaid dealer's assignment, the said Auto Purchase Company represented to this defendant that the aforesaid assignment and the affixing of his signature to the note attached thereto, exhibit A, was a qualified indorsement or assignment of all of his right, title, and interest in the property and did not carry any personal liability as indorser or guarantor; that this defendant, in reliance upon said representation, affixed his signature (to the notes in suit)."

Determination of the respective cases obviously requires consideration by the court or jury of any competent evidence relative to the issues raised by the above noted portion of the pleadings. If the Auto Purchase Company were plaintiff herein and the affirmative defense were established, it could not recover on these notes. Further, plaintiff's dec-

laration does not specifically allege that it became a holder of the respective notes prior to their maturity, and in any event the pertinent portion of plaintiff's declaration (paragraph 4) is specifically denied by defendant's answer. Thus whether plaintiff became a holder in due course before maturity* becomes an issue of fact under the pleadings. If plaintiff was not such holder of the respective notes, it stands in the shoes of its indorser as to any defense which would have been available against plaintiff's indorser.

The circuit judge was in error in granting plaintiff's motions in the respective cases for judgments on the pleadings, and he was also in error in denying defendant's subsequent motions to set aside the respective judgments. The rule governing entry of judgment on pleadings has been stated in substance as follows:

"Court may enter judgment on pleadings where they disclose unconditional admission of liability for amount for which judgment in entered." *Detroit Trust Co.* v. *Smith* (syllabus), 256 Mich. 376.

The judgments entered in the circuit court in the respective cases are set aside, and the cases remanded for further proceedings not inconsistent herewith. Appellant will have costs of this Court.

Bushnell, C. J., and Sharpe, Boyles, Reid, Dethmers, Butzel, and Carr, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 9301 (Stat. Ann. § 19.94).—Reporter.