NEADA *v.* STATE FARM LIFE INSURANCE COMPANY.

1. PLEADING—MOTION FOR JUDGMENT.
In disposing of a defendant's motion for judgment on the pleadings, questions at issue must be determined on the material averments of fact set forth in the pleadings.

2. INSURANCE—PLEADING—FRAUD—RECORD—ESTOPPEL.
In beneficiary's action on life insurance policy, averments in answer asserting fraud and intentional deceit may not be regarded, under record presented, as admitted where reply raised claim of estoppel against such defense.

3. PLEADING—ANSWERS—REPLIES.
Affirmative matter properly averred in an answer, but not denied in the reply, is considered as admitted (Court Rules Nos. 23, § 2, 24 [1945]).

4. INSURANCE—PLEADING—MISREPRESENTATION OF FACT AFFECTING ACCEPTANCE OF RISK.
Averment by defendant insurer under life insurance policy that insured had misrepresented a fact material to the acceptance of the risk by falsely denying that she had consulted a physician or had had medical care during 10 years preceding applying for insurance, was not denied in plaintiff beneficiary's reply by claiming therein that he had no knowledge with reference to the facts averred (Court Rules Nos. 23, § 2, 24 [1945]).

5. SAME—MISREPRESENTATION OF FACT AFFECTING ACCEPTANCE OF RISK—MOTION FOR JUDGMENT ON PLEADING.
Where, had case gone to trial and counsel for plaintiff beneficiary in action under life insurance policy conceded there-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am. Jur., Pleading, §§ 336, 338.
[2] 29 Am. Jur., Insurance, § 1427.
[3] 41 Am. Jur., Pleading, § 198.
[5] 29 Am. Jur., Insurance, § 1427; 41 Am. Jur., Pleading, § 338.
[6] 41 Am. Jur., Pleading, § 201.

on that a misrepresentation material to the acceptance of the risk had been made in the application, a motion for directed verdict in insurer's favor would have been allowable, a like result must follow on motion for judgment on the pleadings, where insurer averred in its answer that insured had made such a misrepresentation and such averment was not denied in plaintiff's reply.

6. PLEADING—ADMISSION OF MATERIAL FACT—EVIDENCE.

Admission of a material fact in the pleadings of a case obviates the necessity of proof.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 7, 1949. (Docket No. 58, Calendar No. 44,254.) Decided April 11, 1949.

Assumpsit by Daniel D. Neada against State Farm Life Insurance Company on a life insurance policy. Judgment for defendant on pleadings. Plaintiff appeals. Affirmed.

*Fixel & Fixel* (*R. E. Bliefield*, of counsel), for plaintiff.

*William J. Eggenberger*, for defendant.

CARR, J. In this case the trial court, on motion, rendered judgment on the pleadings in favor of the defendant. Motion to vacate said judgment was denied, and plaintiff has appealed. No proofs were submitted on the hearing of the motion. The questions at issue must be determined on the material averments of fact set forth in the pleadings.

The declaration alleged that on July 21, 1943, the defendant executed a life insurance policy in the sum of $2,000, the insured being Laura Neada, wife of the plaintiff who was the beneficiary named in said policy. Mrs. Neada died on December 19, 1943. Defendant denied liability on the policy. The declaration further alleged that the application for the

policy was filled out by defendant's agent, that in response to a question the name and address of the physician usually consulted by the insured was inserted, but an inquiry as to when and for what insured last consulted such physician was not answered. Question 15, which is particularly material in the instant case, read as follows:

"Have you consulted a physician or have you been under medical care in the past 10 years?"

The declaration averred that the insured told the agent of consultations with her physician on four occasions, but that the agent wrote a negative answer to the question. It also alleged that said question called for a detail of any diseases or injuries involved therein, as to date, complications, duration of the illness, remaining effects and medical attendant's name. The declaration averred, also, that the insured died of an acute heart ailment which had no causal connection with any of the matters concerning which she had consulted a physician. Plaintiff claimed that if any error occurred in the application it was the fault of the agent, rather than of the plaintiff or the insured.

Defendant by answer admitted the execution of the policy, asserting, however, that it was not liable thereunder because said policy was issued in reliance on the application, certain statements in which were untruthful, false and fraudulent, and operated to falsely and fraudulently conceal material facts. Defendant's position was set forth in the following language:

"Defendant further alleges in support of its denial of liability under said policy that it had no knowledge whatever until after the death of Laura Neada as to the aforesaid untruthful, false and fraudulent warranties and representations and concealment of certain material facts in her application

for insurance; that these warranties, representations and concealments deceived defendant and that defendant would not have issued said policy of insurance upon the life of Laura Neada had it known the truth concerning Laura Neada's previous complaints or diseases, her then health, present and previous treatments and care by physicians and treatment in hospitals.

"Defendant further says that a copy of the written application above referred to was securely attached to the policy issued by it and is now in possession of defendant. * * *

"Answering paragraph 7, defendant admits the allegations as to question 12 (a) and the answer thereto as contained in the application for insurance, but denies the allegations pertaining to question 15, and in support of this denial states that neither Laura Neada nor plaintiff advised defendant's agent of the medical consultations and examinations referred to; that they unqualifiedly answered question 15 by saying, 'No,' and that the insured and plaintiff, with the intent to deceive defendant, fraudulently concealed the material fact that Laura Neada and within 10 years prior to the application which is dated July 21, 1943, [had?] been treated by various physicians and was hospitalized at the University of Michigan Hospital for 16 or 17 days in August or September of 1942 for an incurable disease known as lupus erythematosis desseminata which directly contributed to the death of Laura Neada."

Plaintiff filed a reply to defendant's answer, asserting that the insured's illness in 1942 was merely temporary, that she recovered therefrom, and that it did not in any way contribute to her death. Aside from such allegations the reply asserted that the defendant, prior to the starting of the suit on the policy, had denied liability on the ground that "insured had made alleged misrepresentations which were material to the risk," and that because of the

specific ground so specified defendant was estopped to raise other defenses indicated by the answer.

The motion for judgment on the pleadings was based on the failure of the plaintiff to deny the affirmative matter set up in the answer. In passing on the motion the trial court assumed that the insured had made full disclosure to the agent and that there was no intent, on the part of either the insured or the agent, to deceive the defendant. The propriety of such assumption is not questioned. On the record it appears with reasonable clarity that the averments in the answer asserting fraud and intentional deceit may not be regarded as admitted, especially in view of the claim of estoppel raised by the reply. The court concluded, however, that the misrepresentation in the answer to question 15 of the application was of such materiality, as a matter of law, as to constitute a complete defense to the action on the policy. Judgment was entered accordingly.

On appeal it is claimed on behalf of plaintiff that the trial court was in error in granting defendant's motion for judgment because the interpretation of the application, and of ambiguities therein, must favor the insured; that the burden of proof to show the materiality of the answers in the application was on the defendant; that it was the duty of the court to construe the facts in the light most favorable to the plaintiff; that such facts, properly construed, did not support the judgment; and that it could not be assumed, as a matter of law, that defendant relied on specific statements in the application. In substance, it is the claim of the defendant that under the facts admitted in the pleadings it was entitled to judgment in its favor.

The answer to the declaration specifically averred that the misrepresentation in the application, with reference to the information called for by question

15, involved the concealment of material facts; and that the policy would not have been issued had the question been truthfully answered. As before pointed out, such averments were not denied by plaintiff's reply. Michigan Court Rule No. 23, § 2 (1945), provides in part as follows:

"Every answer shall contain an explicit admission or denial of each allegation in the declaration or bill of complaint as to which the defendant has knowledge or belief. But as to matters charged in the declaration or bill as to which the defendant avers he has no knowledge or information sufficient to form a belief, he shall not be required to admit or deny the same, but shall state his want of such knowledge. Every material allegation in the declaration or bill to which the defendant shall not make answer shall be taken as admitted by the defendant."

Rule No. 24 (1945), which refers to replies, must be construed in connection with the language above quoted. Section 1 of said rule states that:

"New matter alleged in the answer filed in any action shall be answered by a reply in the same manner that allegations in the declaration or bill of complaint are required to be admitted or denied in the answer."

The language of Rule No. 24 clearly implies that affirmative matter properly averred in an answer, but not denied in the reply, shall be considered as admitted. In the instant case plaintiff did not undertake to explain the failure to deny by claiming that he had no knowledge with reference to the facts averred by defendant. Counsel for plaintiff do not contend that the statements in the answer, not disputed by the reply, were other than averments of facts. Rather, their position is indicated by the following statement in their brief:

"Mere averment by defendant that certain facts were the case would not be enough. There was no testimony by the defendant, so the burden of proof was not met by it."

Under the provisions of the court rules above quoted, it is admitted on the pleadings before us that misrepresentation material to the acceptance of the risk was made in the application. It was also conceded, by failure to deny the allegation, that a copy of the application was attached to the policy delivered to the insured. 3 Comp. Laws 1929, § 12444* (Stat. Ann. § 24.280) provides as follows:

"The falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

If the case at bar had gone to trial and counsel for plaintiff had conceded thereon that a misrepresentation material to the acceptance of the risk had been made in the application, a motion for a directed verdict in defendant's favor would have been allowable. See *In re Bailey's Estate*, 213 Mich. 344. We think a like result must follow because of the admission of the fact by failure to deny it in the reply to the answer.

A somewhat similar question was raised in *Turner v. Mutual Benefit Health & Accident Association*, 316 Mich. 6. There no reply was filed to defendant's supplemental answer, which contained averments similar to those in defendant's answer in the instant case. However, defendant did not move for judgment on the pleadings, nor did it raise the question on a motion for directed verdict made at the conclusion of the proofs. In fact, defendant introduced

* 3 Comp. Laws 1948, § 522.17.—REPORTER.

testimony in support of the averments in its supplemental answer. On motion for judgment notwithstanding the verdict, it for the first time advanced the claim that it was entitled to judgment on the pleadings on the theory that plaintiff, by failure to make proper denial, had admitted a fact of such materiality as to bar recovery. It was held that the question was not seasonably raised, and that under the situation involved in the case the trial court was not in error in submitting the matter, as well as other material factual issues, to the jury.

In *Detroit Trust Co.* v. *Smith,* 256 Mich. 376, judgment on the pleadings, in favor of the plaintiff, was sustained, the Court citing with approval the early case of *Crouse* v. *Derbyshire,* 10 Mich. 479 (82 Am. Dec. 51), and quoting with approval from 34 C. J. p. 143, as follows:

"Where defendant in his pleadings admits liability on the cause of action set up against him, plaintiff is entitled to have judgment entered in accordance with such admission, provided the admission is distinct, unequivocal, and unconditional, and it is clear that no issue of fact is to be tried, and no serious question of law is to be argued. Such judgment may be entered on motion, without a trial on the merits, and without evidence in support of the admission; nor can defendant introduce evidence contradicting the admissions in his answer."

The matter was further considered in *Auto Purchase Corporation* v. *Johnston,* 319 Mich. 634, it being held, however, that the averments in defendant's answer were sufficient to frame issues. In the case at bar it is obvious that no such issue is framed on the question whether the misrepresentation in the application for the policy affected the acceptance of the risk. Under the pleadings, construed in the light of the pertinent provisions of the court rules, such fact is admitted.

The situation is somewhat analogous to that involved in *Williams* v. *Dale,* 139 Ore. 105 (8 Pac. [2d] 578, 82 A.L.R. 922). There the reply to defendants' answer did not dispute the averments of fact on which defendants relied in denial of the plaintiff's right to recover, but set forth other matters which the court found were not material to the issue. In affirming a judgment on the pleadings in favor of defendants the court said, in part:

"The facts set forth in defendant's answer, which are admitted by the reply, constitute a complete defense to plaintiff's cause of action. Therefore the judgment on the pleadings, as for want of a reply to the answer, should be sustained."

In effect, the same situation obtains in the case at bar. By failing to deny the averments in question in defendant's answer, plaintiff admitted the truth thereof. Had such fact been submitted as an issue on a trial of the case and determined in defendant's favor, it would have been entitled to judgment. The admission obviates the necessity of proof.

This conclusion renders it unnecessary to consider in detail the reasons, above set forth, urged by counsel for the plaintiff in support of the claim that the judgment should be reversed. It is sufficient to say that such judgment is not open to attack for any of the reasons advanced by appellant. Neither is it necessary to consider the apparent ground on which the trial judge reached his conclusion. For the reasons above discussed, defendant was entitled to the entry of judgment in its favor. See *Plec* v. *Liquor Control Commission,* 322 Mich. 691.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.