FRISCHMAN *v.* ROBINSON.

1. PLEADING—AFFIRMATIVE MATTER IN DEFENSE—REPLY—DIRECTED VERDICT.
   Defendant's motion for directed verdict of no cause of action, made at close of plaintiff's opening statement, was properly granted, where no reply had been filed to affirmative or new matters in defendant's answer (Court Rules No 23, § 2, No 24, § 1 [1945]).

2. SAME—AMENDMENT—DISCRETION OF COURT.
   Whether or not plaintiff should be permitted to reply to the affirmative matters in defendant's answer, made at the trial on oral motion after defendant had moved for judgment on the pleadings, was a matter clearly within the discretion of the trial court, and denial of the motion was proper, especially where local court rule provided for amendment of pleadings at pretrial hearing upon timely request (Court Rules No 23, § 2, No 24, § 1 [1945]; Third Judicial Circuit Court Rule No 32).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 53 Am Jur, Trial § 371 *et seq.*
Direction of verdict on opening statement of counsel. 83 ALR 221, 129 ALR 557.
[2] 41 Am Jur, Pleading § 293.
[4] 41 Am Jur, Pleading § 296 *et seq.*
[5] 14 Am Jur, Costs § 92.

3. BILLS AND NOTES—PLEADING—AFFIRMATIVE DEFENSES—REPLY.

Order granting motion for judgment on the pleadings and plaintiff's opening statement was proper in action against maker of 5 promissory notes, where answer alleged such notes had been made without consideration for the accommodation of plaintiff and alleged fraud in their execution and no reply was filed denying such affirmative or new matters (Court Rules No 23, § 2, No 24, § 1 [1945]).

4. PLEADING—AMENDMENT—DISCRETION OF COURT—PRETRIAL HEARING.

Amendments to pleadings, although within the discretion of the court, should be permitted at the trial of a case only under the most compelling circumstances, where opportunity to amend has been afforded at the pretrial hearing.

5. COSTS—BRIEF.

No costs are allowed appellee upon affirmance of judgment, where he did not file a brief.

SMITH, EDWARDS, and SOURIS, JJ., dissenting.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted April 11, 1961. (Docket No. 53, Calendar No. 48,958.) Decided September 21, 1961.

Assumpsit by Max Frischman, assignee of Ella Frischman, doing business as Windsor House, against Eli Robinson for sums due on promissory notes. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Hugh K. Davidson,* for plaintiff.

KAVANAGH, J. Plaintiff sued defendant in assumpsit declaring upon 5 promissory notes, each dated January 17, 1955, and made payable to "Windsor House." Each was in the amount of $500, payable on January 28, February 16, February 28, March 28, and April 18, 1955. Plaintiff alleged defendant had refused and neglected to pay the amounts due on the notes though often requested so to do. Each of

the notes contained on the reverse side thereof the following:

"For valuable considerations I hereby sell, assign, and set over unto Max Frischman, all rights, title and interest in the within note.

"/s/   WINDSOR HOUSE
"/s/   ELLA FRISCHMAN"

Defendant filed an answer denying the execution of the notes, alleging there were actually 10 notes prepared by plaintiff Max Frischman and that defendant was requested to sign them as an accommodation for the plaintiff, although the notes were payable to plaintiff's wife and were strictly as an accommodation with no consideration of any kind or nature. Defendant denied he was ever requested to pay the notes and asserts the truth is that the first 5 of the 10 notes were paid by plaintiff. Defendant further submitted there was fraud in the inception by reason of plaintiff's request for said notes with the knowledge and intent that payment would be requested of defendant, even though plaintiff well knew there was no consideration.

No reply to the affirmative matters alleged in the answer was made by plaintiff.

The pretrial statement set forth defendant's claim as follows: Defendant admits the execution of the notes in question, but denies there was any consideration for the notes. He claims he owes the plaintiff nothing; that the notes were given to plaintiff's wife as an accommodation and on the representation of plaintiff and his wife that they would discount the notes and obtain funds. Defendant further claims plaintiff and his wife were to pay the notes and there was to be no liability on the part of defendant.

At the conclusion of plaintiff's opening statement to the jury, defendant made a motion, based on the

opening statement and pleadings, for a judgment of no cause of action. Defendant claims the answer set up special defenses, affirmative defenses and affirmative matters and since no reply to the affirmative matters was made in the pleadings they are admitted as facts without any further proofs. The trial court, after argument of the issue, granted a motion for no cause of action in favor of defendant holding that failure to reply to affirmative matters or new matters alleged in the answer was tantamount to admissions of such matters.

After it was apparent to plaintiff's counsel the court was going to direct the judgment on the pleadings, he sought the opportunity to file a reply and made an oral motion to the court to permit him to answer the affirmative matters. This was denied by the trial court.

Two questions are presented on appeal by plaintff:

(1) Was the trial court in error in directing a verdict upon the ground that plaintiff should have filed a reply to defendant's answer?

(2) Should the trial court have permitted amendment at trial, no claim of surprise or prejudice being claimed by defendant?

In granting defendant's motion, the trial court relied upon the opinion of Justice Carr in *Neada v. State Farm Life Insurance Co.*, 324 Mich 233. Mr. Justice Carr, writing for the Court, called attention to Michigan Court Rule No 23, § 2 (1945), which reads in pertinent part as follows:

"Every material allegation in the declaration or bill to which the defendant shall not make answer shall be taken as admitted by the defendant."

Justice Carr then referred to Michigan Court Rule No 24, § 1 (1945), which provides as follows:

"New matter alleged in the answer filed in any action shall be answered by a reply in the same

manner that allegations in the declaration or bill of complaint are required to be admitted or denied in the answer."

It was concluded that affirmative matters properly averred in an answer but not denied in a reply should be considered as admitted.

In the instant case, clearly new matters were alleged in the answer contrary to the argument of plaintiff. No reply to the affirmative or new matters having been filed, we think the trial court was correct in granting the motion for a directed verdict for no cause of action. See *Zdero* v. *Briggs Manufacturing Co.*, 338 Mich 549.

The second question involving amendment by plaintiff at trial was clearly a matter within the discretion of the trial court. *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich 453. The trial court pointed out to plaintiff's counsel that not only had he failed to follow the court rules with respect to answering affirmative matters by filing a reply, but that at the time of pretrial hearing, when defendant clearly stated his position, plaintiff sought no opportunity to file a reply. Plaintiff informed the court he was satisfied with the pleadings at the time of pretrial. Pertinent portions of Rule No 32 of circuit court rules for the third judicial circuit of Michigan* read as follows:

"(c) Attorneys who will conduct the trial, unless excused by the pretrial judge, shall appear in court promptly and shall be prepared to consider the following matters and to perform the following acts:
* * *

"(5) to amend pleadings where leave to do so is timely requested and to concede that each of the parties may, without further amendment to their pleadings, introduce competent proofs to support

* See Honigman, Court Rules Annotated, 1959 Supp, p 300.—Reporter.

their respective versions of the case as pleaded and as stated by them at the pretrial conference."

See *Simonelli* v. *Cassidy*, 336 Mich 635, 640, where this Court said:

"The purpose of that portion of the rule quoted is to expedite the trial of cases by disposing of all amendments to the pleadings on a pretrial hearing and before the cause is assigned to a judge for final hearing. While the right to amend for good and sufficient reason, in the discretion of the trial court, exists after the pretrial hearing, nevertheless in the orderly administration of justice, such amendments should be permitted only under the most compelling circumstances."

We cannot say, under the circumstances of this case, that the trial court abused his discretion.

The judgment of the lower court for no cause of action is affirmed. Defendant not having filed a brief on appeal, no costs are allowed.

DETHMERS, C. J., and CARR, KELLY, and BLACK, JJ., concurred with KAVANAGH, J.

EDWARDS, J. (*dissenting*). This suit on 5 promissory notes was dismissed by the trial judge on defendant's motion for judgment on the pleadings. When the case was called for trial plaintiff had not replied to certain allegations contained in defendant's answer. The trial judge held that this material constituted affirmative matter which had to be taken as admitted and that it was of such a nature as to defeat plaintiff's cause of action.

Plaintiff's declaration was in assumpsit alleging the execution of 5 promissory notes by defendant totalling $2,500, plus demand and defendant's refusal to pay. The notes assigned to plaintiff "for valuable

consideration" were attached to the declaration. The declaration alleged:

"That though often requested so to do, the defendant has refused and neglected to pay the amount due to the plaintiff as a result of these promissory notes."

Defendant's answer admitted execution of the notes but alleged that no consideration was paid for them and that they had been executed as "an accommodation" to plaintiff. The answer also alleged "fraud." The allegation of no consideration was the only fact pleaded in this answer which would have tended to establish fraud.

Although defendant now claims that these allegations should be viewed as affirmative defenses, defendant made no effort to label them as such or to comply with the provisions of Court Rule No 23, § 5 (1945):

"In actions at law, each separate defense affirmatively pleaded, and each separate cause of action by way of recoupment or setoff shall be stated in a separate division of the answer, and each of such divisions shall be complete in itself and the divisions shall be numbered consecutively."

The purpose of this section we deem to be to put plaintiff on notice that defendant not only denies his claims but puts forth ones of his own which demand answer.

The case went to pretrial without any reply by plaintiff being made or demanded. Nor was the lack of reply an issue at pretrial. The pretrial statement recited the issues as follows:

"Statement Of The Case:

"Plaintff's version: Plaintiff sues on 5 promissory notes which he claims were executed by defendant on the 17th day of January, 1955, each in the

amount of $500. A copy of each promissory note is attached to the declaration. Plaintiff claims no payments have been made on the notes.

"Defendant's version: Defendant admits the execution of the notes in question but denies that there was any consideration for the notes. He claims he owes plaintiff nothing; that the notes were given to plaintiff's as an accommodation and on the representation of the plaintiff and his wife that they would discount the notes and obtain funds. Further the defendant claims that they were to pay the notes themselves and that there would be no liability on the part of the defendant.

"ISSUES:

"The issues are issues of law and fact as outlined above.

"PLEADINGS:

"The pleadings are in proper condition.

"DAMAGES CLAIMED:

"Plaintiff claims the full amount of the notes in question, plus interest.

"ADMISSIONS:

"Defendant admits the execution of the notes and they may be offered at the time of trial and received without further identification.

"JURY:

"This is a jury trial."

One of the most important purposes of pretrial is to prevent just the sort of procedural booby trap which this portrays—and, wherever possible, to secure adjudication on the merits.

This pretrial purpose is spelled out in the Wayne county circuit court rules as follows:

"Rule 32(c)(5) to amend pleadings where leave to do so is timely requested and to concede that each of the parties may, without further amendment to their pleadings, introduce competent proofs to sup-

port their respective versions of the case as pleaded and as stated by them at the pretrial conference."*

We believe that the pretrial judge viewed the pleadings as presenting an issue of fact pertaining to consideration. Since neither side disputed this view at pretrial the case should have been tried on this basis.

We regard the factual situation here as paralleling *Auto Purchase Corporation* v. *Johnston*, 319 Mich 634, much more closely than *Neada* v. *State Farm Life Ins. Co.*, 324 Mich 233. The pleadings (including the pretrial statement) cannot fairly be regarded as disclosing a fatal "admission, * * * distinct, unequivocal, and unconditional" on the part of plaintiff. See *Detroit Trust Co.* v. *Smith*, 256 Mich 376, 379.

"We have passed the day when the art of pleading was a game of setting traps for the unwary and we do not intend to return to it." *Manley, Bennett & Co.* v. *Woodhams*, 349 Mich 586, 594.

Even if we assume that plaintiff's failure to respond to defendant's answer might be read as leaving it undenied (and we do not believe that the pleadings plus the pretrial statements can fairly be read this way)—such was certainly not the picture before the trial judge when he directed this verdict after plaintiff's opening statement. For present in the courtroom was plaintiff's attorney protesting and seeking an opportunity to amend.

Under these circumstances the liberal provisions of our statutes (CL 1948, § 616.1 [Stat Ann § 27-.838]) and Court Rules (No 25) pertaining to amendments should have been employed.

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or

* Honigman, Court Rules Annotated, 1959 Supp, p 300.—REPORTER.

proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties." CL 1948, § 616.1 (Stat Ann § 27.838).

"Upon the application of either party, the court or judge may, upon reasonable notice and such terms as are just, permit him to file and serve an amended or supplemental pleading. Unless otherwise indicated an amended or supplemental pleading shall be considered a waiver of any former pleading. If the filing of such amended or supplemental pleading is during a term of court when the case is on docket for trial, the matter of continuance and the costs thereon shall be in the discretion of the court." Court Rule No 25 (1945).

Failure to grant amendment under these circumstances represented an abuse of discretion on the part of the trial court.

The judgment should be reversed and the case remanded for trial. Costs to appellant.

SMITH and SOURIS, JJ., concurred with EDWARDS, J.